IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY BUCHANAN, | No. C 04-1130 CW |
| Plaintiff, | ORDER DENYING DEFENDANT TABULA RASA'S MOTION FOR ATTORNEYS' FEES |
| v. | |
| COUNTY OF ALAMEDA; WAYNE TUCKER, individually and in his capacity as Chief Probation Officer for the County of Alameda; and TABULA RASA TREATMENT HOMES, INC., | |
| Defendants. | |

Defendant Tabula Rasa Treatment Homes, Inc., (Tabula Rasa), one of the prevailing parties in this action, moves pursuant to 42 U.S.C. § 1988 for an award of attorneys' fees in the amount of $60,015.50. Counsel for Plaintiff Jeffrey Buchanan has filed a declaration in opposition to the motion.[1] The matter was taken under submission on the papers.

Having considered all of the papers filed by the parties, the

---

[1] Tabula Rasa noticed its motion for attorneys' fees for hearing on September 9, 2005, and Plaintiff's opposition was therefore due on August 19, 2005. Walter Davis' two-page declaration in opposition to the motion was not filed until August 22, 2005, and was not accompanied by either a stipulation or a motion to change time as required by Local Rules 6-2 and 6-3. The Court therefore will not consider the arguments in the Davis Declaration, of which the only substantive point is Tabula Rasa's failure to provide invoices generated by its attorneys. However, the Court will not, as Tabula Rasa urges, grant its motion for attorneys' fees simply because no timely opposition was filed.

1  Court DENIES Tabula Rasa's motion for attorneys' fees.
2      A district court may authorize an award of attorneys' fees to
3  a prevailing party in a civil rights action under the Civil Rights
4  Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988.  An award of
5  attorneys' fees may be made to a civil rights defendant only where
6  the court finds that the plaintiff's action was "unreasonable,
7  frivolous, meritless, or vexatious."  <u>Legal Services of Northern</u>
8  <u>California, Inc. v. Arnett</u>, 114 F.3d 135, 141 (9th Cir. 1997).
9  "Only in exceptional cases should defendants be awarded attorneys'
10 fees in civil rights cases."  <u>Mitchell v. Los Angeles Community</u>
11 <u>College Dist.</u>, 861 F.2d 198, 202 (9th Cir. 1988).
12     The background of this civil rights action is set forth in the
13 Court's July 21, 2005 order granting Defendants' motions for
14 summary judgment.  Although Plaintiff's case was not meritorious,
15 the Court finds that he did not file this action frivolously.
16 Plaintiff believed in good faith that Tabula Rasa administered
17 Paxil to him, that Paxil was not approved for juvenile use, and
18 that it caused him to be at increased risk for suicide.  The Court
19 found that Plaintiff "failed to produce evidence sufficient to
20 raise a triable issue of material fact regarding Tabula Rasa's
21 deliberate indifference to him," and also failed to introduce
22 evidence of spoliation sufficient to create an adverse inference of
23 deliberate indifference.  July 21, 2005 Order at 11-12.  However,
24 lack of merit does not mean that Plaintiff's complaint as filed was
25 unreasonable, frivolous or groundless.  <u>Cf., e.g.</u>, <u>Saman v.</u>
26 <u>Robbins</u>, 173 F.3d 1150, 1157 (9th Cir. 1999) (finding abuse of
27 discretion where district court failed to award attorneys' fees in
28

2

civil rights case where defendant's involvement in case was very limited); <u>Franceschi v. Schwartz</u>, 57 F.3d 828, 832 (9th Cir. 1995) (upholding award of fees where attorney plaintiff knew or should have known that municipal defendants were entitled to immunity); <u>Townsend v. Holman Consulting Corp.</u>, 914 F.2d 1136 (9th Cir. 1990) (finding plaintiff had failed to conduct competent pre-filing inquiry where undisputed facts showed defendant not involved in alleged acts). Furthermore, Tabula Rasa has made no attempt, except through attorney argument, to show that Plaintiff brought this action in bad faith or purely out of a desire for settlement money. Based on the facts of the case, it appears that Plaintiff is a young man with mental health issues who is unlikely to have the wherewithal to pay attorneys' fees.

    Tabula Rasa also asks the Court to tax attorneys' fees against Plaintiff's counsel, but does not cite the statute under which it makes this request. Section 1988 does not appear to provide for such an award. The Court does have the inherent power to impose sanctions against a lawyer who "willfully abuses judicial processes." <u>Roadway Express, Inc., v. Piper</u>, 447 U.S. 752, 766 (1980). In order to impose such a sanction, the Court must "make a specific finding as to whether counsel's conduct in th[e] case constituted or was tantamount to bad faith." <u>Id.</u> at 767. In addition, the Court has statutory authority to hold counsel personally liable for attorneys' fees as a sanction under 28 U.S.C. § 1927. That statute provides,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

3

> vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

Tabula Rasa has shown no grounds on which the Court could make a specific finding that Plaintiff's counsel's conduct was tantamount to bad faith.  Nor has Tabula Rasa shown that counsel's conduct has "unreasonably and vexatiously" multiplied the proceedings. Therefore, the Court declines to award attorneys' fees against Plaintiff's attorney.

For these reasons, the Court concludes that this is not an exceptional civil rights action so meritless as to warrant an award of fees to Tabula Rasa.  Tabula Rasa's motion is DENIED (Docket No. 160).

IT IS SO ORDERED.

Dated: 10/5/05

*Claudia Wilken* (signature)
CLAUDIA WILKEN
United States District Judge